UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIA VERDE UGALDE,<br><br>Plaintiff,<br><br>v.<br><br>SYNGENTA FLOWERS, LLC, et al.,<br><br>Defendants. | Case No. 24-cv-07568-EKL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Re: Dkt. No. 18 |

This disability discrimination and wrongful termination case was removed from Santa Clara County Superior Court based on diversity jurisdiction. Notice of Removal, ECF No. 1 ("Not. of Removal"). Defendant ASINC. moves to compel arbitration and stay the proceedings. Mot. to Compel Arbitration, ECF No. 18 ("Mot."). At the motion hearing, the Court granted Defendant Syngenta Flowers, LLC's ("Syngenta's") unopposed oral request to join ASINC.'s motion to compel. Plaintiff opposes Defendants' motion to compel on various grounds, most notably on the basis that she alleges she did not sign the arbitration agreement. Opp. to Mot. to Compel at 2-4, ECF No. 19 ("Opp.").

**I.   BACKGROUND**

  **A.   Factual and Procedural Background**

Defendant ASINC. is a "staffing agency that provides labor to its business clients by recruiting, screening, and placing workers in temporary, seasonal, temp-to-hire, or permanent positions." Eisenmenger Decl. ¶ 3, ECF No. 18-2. In or about April 2022, through an assignment made by ASINC., Plaintiff began working for Syngenta as a "full-time research lab technician

developing and producing flower seeds[.]"[1]  *Id.* ¶ 6.  On April 23, 2024, two years into her assignment with Syngenta, Plaintiff underwent a medical procedure, expecting to return to work within "several days."  Compl. ¶ 14.  Due to complications from her procedure, Plaintiff was hospitalized for a week.  *Id.* ¶ 15.  During her post-operative appointment, Plaintiff's medical provider extended her medical leave for another month.  *Id.* ¶¶ 16-17.  Plaintiff alleges that "[w]ithin hours of receiving Plaintiff's doctor's note . . ., she received a phone call from Defendant, [ASINC.], informing her that Defendant, Syngenta Flowers, was requesting her immediate replacement."  *Id.* ¶ 18.  Plaintiff was terminated the same day.  *Id.*

Plaintiff filed this action in Santa Clara County Superior Court on October 9, 2024.  Not. of Removal ¶ 4.  Defendant ASINC. timely removed the case to federal court and filed the instant motion to compel arbitration and stay proceedings on March 13, 2025.  *See* Not. of Removal; Mot. at 1.

**B.    Arbitration Agreement**

ASINC. attached a copy of the arbitration agreement ("Agreement") to its motion. Agreement, ECF No. 18-2, Ex. A.  The Agreement indicates that it was electronically signed by Plaintiff on January 8, 2024.  *Id.* at 5.  Plaintiff "unequivocally denies ever having seen or signed the alleged arbitration [A]greement."  Opp. at 3.

The first page of the Agreement explains that ASINC. will not retaliate against employees that choose not to sign the Agreement:

> **Please read and review this arbitration agreement carefully. Your signature below indicates that you agree to resolve any and all disputes, controversies or claims that may arise or relate to your employment through arbitration. The Company will not retaliate or discriminate against you if you choose not to sign this agreement.**

---

[1] The declaration of Lori Eisenmenger, ASINC.'s Director of Compliance, explains that "ASINC.'s records show that Plaintiff was originally hired by ASINC. in 2020 and placed at different assignments throughout her employment.  In April 2022, Plaintiff was given an assignment at Syngenta Flowers, LLC as a full-time research lab technician . . . ."  Eisenmenger Decl. ¶ 6.  Eisenmenger's declaration is uncontested as to this allegation and appears to be consistent with the allegations in the complaint, except that Plaintiff alleges her assignment with Syngenta began in "approximately March 2022."  Compl. ¶ 12, ECF No. 1-2, Ex. D.  This difference is inconsequential for the purposes of Defendant's motion.

Agreement at 1. This promise is repeated later in the Agreement: "No employee shall be subject to retaliation or discrimination for exercising his or her right to assert claims under [t]his Agreement, or for choosing to not sign the Agreement." *Id*. § 14. The Agreement is expressly "[v]oluntary," and states immediately above the employee's signature line in all capital letters that "EMPLOYEE HAS KNOWINGLY AND VOLUNTARILY ENTERED INTO THE AGREEMENT[.]" *Id*. § 17. The Agreement is limited to claims "arising from" or "relating to" Plaintiff's "employment" or "termination" by ASINC., and applies equally to all parties, as well as related entities.[2] *Id.* at § 1.

## II. LEGAL STANDARDS

The Federal Arbitration Act ("FAA") requires courts to compel arbitration of claims covered by an enforceable arbitration agreement. 9 U.S.C. § 3; *see also Godun v. JustAnswer LLC,* 135 F.4th 699, 708 (9th Cir. 2025). In deciding whether to compel arbitration, a court must determine: "(1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). The party seeking arbitration "bears the burden of proving the existence of a valid arbitration agreement by a preponderance of the evidence[.]" *Ruiz v. Moss Bros. Auto Grp.*, 232 Cal. App. 4th 836, 842 (2014). "The trial court sits as the trier of fact, weighing all the affidavits, declarations, and other documentary evidence, and any oral testimony the court may receive at its discretion, to reach a final determination." *Id.*

## III. DISCUSSION

Plaintiff opposes Defendants' motion to compel arbitration on three primary grounds: (1) there is no valid arbitration agreement because Defendants have not authenticated Plaintiff's signature on the Agreement, (2) the Agreement is procedurally and substantively unconscionable, and (3) Defendants have waived their right to arbitration. The Court addresses each below.

---

[2] The Agreement expressly states that it is "intended to apply to the company's clients, where [the employee] may be sent to work, as explicit third-party beneficiaries[.]" Agreement § 1. As such, Syngenta is a proper third-party beneficiary to the Agreement. *See Cohen v. TNP 2008 Participating Notes Program, LLC*, 31 Cal. App. 5th 840, 856 (2019) ("Third parties may enforce a contract with an arbitration provision . . . where they are intended third party beneficiaries or are assigned rights under the contract.") (collecting cases).

3

**A.   Defendants Have Met Their Burden of Authenticating Plaintiff's Signature.**

In determining whether the parties entered into an agreement to arbitrate, federal courts apply "state-law principles of contract formation." *Godun*, 135 F.4th at 708.  In California, electronic signatures are given the same legal effect as handwritten signatures so long as the proponent of the electronic signature authenticates it.  *Ruiz*, 232 Cal. App. 4th at 843; *see also* Cal. Civ. Code § 1633.7.  The "burden of authenticating a signature is not great" and requires only that the party seeking to enforce the Agreement prove "by a preponderance of the evidence that the electronic signature [is] authentic[.]" *Ruiz*, 232 Cal. App. 4th at 846.  Electronic signatures may be authenticated by demonstrating that the signature was "the act of the person" that purportedly signed the document.  Cal. Civ. Code § 1633.9.  "The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable." *Id.*; *see also Espejo v. S. Cal. Permanente Med. Grp.*, 246 Cal. App. 4th 1047, 1062 (2016) (holding that evidence describing a company's process for obtaining and authenticating electronic signatures was sufficient to find that the signature was "the act of" the plaintiff).

The Court finds that Defendants have met their burden, *i.e.*, that Plaintiff's electronic signature on the Agreement was "the act" of Plaintiff.  *See* Cal. Civ. Code. § 1633.9(a).  ASINC., the party seeking to enforce the Agreement, provided evidence explaining its general process for obtaining and authenticating electronic signatures.  Eisenmenger Decl. ¶¶ 3-8; Eisenmenger Reply Decl. ¶¶ 3-9, ECF No. 21-1.  ASINC. also submitted evidence that (1) a link for accessing and signing the Agreement was sent to Plaintiff's personal email address, *see* Eisenmenger Reply Decl. ¶ 11; Final Audit Report at 1; (2) Plaintiff's electronic signature could only have been placed on the Agreement by a person using Plaintiff's unique login ID and password, *see* Eisenmenger Decl. ¶¶ 7, 4; Eisenmenger Reply Decl. ¶ 5; and (3) that the date and time next to Plaintiff's electronic signature was the date and time the signature was made, *see* Eisenmenger Reply Decl. ¶ 11; Final Audit Report at 1.  The Court finds ASINC.'s evidence sufficient to establish that the electronic signature was "the act of" Plaintiff.  *See Ruiz*, 232 Cal. App. 4th at 844 (explaining that evidence showing the plaintiff used a unique login ID and password to access the agreement and

4

that the date on the agreement reflected when the signature was made would be sufficient to validate the agreement); *Fabian v. Renovate Am., Inc.*, 42 Cal. App. 5th 1062, 1068 (2019) ("The party seeking authentication may carry its burden 'in any manner,' including by presenting evidence of the contents of the contract in question and the circumstances surrounding the contract's execution.").

As an alternative explanation for Plaintiff's electronic signature appearing on the Agreement, Plaintiff argues that "it is possible" that the co-signor of the Agreement, Isela Zendejas, "inadvertently" attached Plaintiff's signature to the Agreement. Opp. at 4. ASINC. provided a declaration by Zendejas explaining that she is "not able to sign employee documents for employees," and that she did not "sign [Plaintiff's] arbitration agreement on her behalf." Zendejas Decl. ¶ 4, ECF No. 21-2. Based on the evidence submitted by ASINC., Zendejas would, at minimum, need access to Plaintiff's unique login ID and password to be able to sign on Plaintiff's behalf. *See* Eisenmenger Decl. ¶¶ 7, 4; Eisenmenger Reply Decl. ¶ 5. Plaintiff has not alleged, much less established by the preponderance of evidence, that Zendejas had access to Plaintiff's unique login credentials at any time. Accordingly, this defense fails. *Ruiz*, 232 Cal. App. 4th at 842 ("[A] party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense.").

Finally, Plaintiff noted that it was "highly suspect" that Defendant did not include the Adobe "Final Audit Report" in its motion to compel arbitration, explaining that the audit report would include important information such as "the signer's identification, timestamps, and a log of actions." Opp. at 3. However, the party seeking to compel arbitration is not required to establish the authenticity of the opposing party's signature until it is challenged by the party in its opposition. *Ruiz,* 232 Cal. App. 4th at 846. Moreover, Defendant has now provided that document. *See* Final Audit Report. Accordingly, Defendants have demonstrated by the preponderance of the evidence that Plaintiff's electronic signature on the Agreement is authentic.

**B.     The Agreement Is Not Unconscionable.**

Plaintiff contends that Defendants may not enforce the arbitration agreement because it is unconscionable under California law. "Both substantive and procedural unconscionability must

5

be present in order for a court to find a contract unconscionable[.]" *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016). However, these two elements need not be present in the same degree: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000). "The party resisting arbitration bears the burden of proving unconscionability." *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 247 (2012).

"The procedural element of unconscionability focuses on 'oppression or surprise due to unequal bargaining power.'" *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017) (quoting *Pinnacle*, 55 Cal. 4th at 246). Under California law, "oppression may be established by showing the contract was one of adhesion or by showing from the 'totality of the circumstances surrounding the negotiation and formation of the contract' that it was oppressive." *Id.* (quoting *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1347-48 (2015)).

Here, Plaintiff argues that the Agreement is procedurally unconscionable because (1) the Agreement is a contract of adhesion presented on a "take-it-or-leave-it basis" as a "mandatory condition of continued employment[,]" Opp. at 7-8, and (2) the Agreement is oppressive, Opp. at 8-9. The Court addresses each below.

First, the Court finds that the Agreement is not a contract of adhesion because it was not a mandatory condition of employment. The Agreement is expressly "[v]oluntary." Agreement § 17. Nothing in the Agreement states or implies that it is a condition of employment. To the contrary, the first page of the Agreement states – in large, bold font – that "[t]he Company will not retaliate or discriminate against [the employee] if [the employee] choose[s] not to sign this [A]greement." *Id*. at1. This promise is emphasized again in a dedicated section of the Agreement titled "No Retaliation." *Id.* § 14 ("No Employee shall be subject to retaliation or discrimination for exercising his or her right to assert claims under this Agreement, or for choosing to not sign the Agreement."). Additionally, the last provision of the Agreement, which appears in all-capital font directly above the employee's signature, provides that the employee may discuss the Agreement

6

with their personal counsel before signing. *Id*. § 17. All of these provisions support the same conclusion: Plaintiff was free to reject the Agreement entirely, without any consequence to her employment.

Plaintiff does not claim that ASINC. told her the Agreement was a mandatory condition of employment. Instead, Plaintiff contends that "her interaction with Branch Manager, Isela Zendejas, did not involve any explanation of her rights to negotiate [the Agreement's] terms, opt out, or decline to sign without risking her employment." Opp. at 8. But these rights were apparent from the plain language of the Agreement. Having found by the preponderance of the evidence that Plaintiff signed the Agreement, Plaintiff "is bound by its provisions and cannot complain of unfamiliarity with the language of the instrument." *Cir. City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1200 (9th Cir. 2002); *see also Pinnacle*, 55 Cal. 4th at 236 ("An arbitration clause within a contract may be binding on a party even if the party never actually read the clause."). Accordingly, because the Agreement explained up-front and in plain terms that signing the Agreement was not a mandatory condition of continued employment, the Court finds that the Agreement is not a contract of adhesion. *Ahmed*, 283 F.3d at 1199 (holding a contract of adhesion did not exist where plaintiff had the opportunity to opt-out of the arbitration agreement); *Mohamed*, 848 F.3d at 1211 (holding that a contract containing a non-illusory right to opt out was not procedurally unconscionable).

Second, the Court finds that the "totality of the circumstances surrounding the negotiation and formation of the contract" do not support a finding of procedural oppression. *Grand Prospect*, 232 Cal. App. 4th at 1347-48. Plaintiff's arguments of procedural oppression are undercut by the fact that the Agreement is expressly voluntary. For example, Plaintiff's argument that she was not afforded time to consider the Agreement before signing is unpersuasive because she was not required to sign the Agreement at all. Plaintiff could have taken as much or as little time as she liked in determining whether to sign the Agreement. Plaintiff's argument that "Defendant's tactical delay in presenting the arbitration agreement" burdened Plaintiff with undue economic pressure is likewise unpersuasive because Plaintiff's continued employment was expressly not contingent upon signing the Agreement. Finally, ASINC.'s superior bargaining power does not

render the Agreement procedurally unconscionable because Plaintiff had a "meaningful choice in deciding whether to agree" to its terms. *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 125 (2019).

Accordingly, Plaintiff has not met her burden to demonstrate that the Agreement is procedurally unconscionable. Because both procedural and substantive unconscionability must be present in order for an agreement to be unenforceable, the Court does not reach the question whether the Agreement is substantively unconscionable. *Mohamed*, 848 F.3d at 1211; *see also Ahmed*, 283 F.3d at 1200 ("Because [plaintiff] fails to satisfy even the procedural unconscionability prong, we need not reach his arguments that the agreement is substantively unconscionable.").

### C.  Defendants Have Not Waived Their Right to Arbitration.

To establish waiver of the right to arbitrate, Plaintiff must prove by clear and convincing evidence that Defendants "intentionally relinquished or abandoned" the right to arbitrate. *Quach v. Cal. Com. Club, Inc.*, 16 Cal. 5th 562, 584-85 (2024). "The waiver inquiry is exclusively focused on the waiving party's words or conduct; neither the effect of that conduct on the party seeking to avoid enforcement of the contractual right nor that party's subjective evaluation of the waiving party's intent is relevant." *Id.*

Both ASINC. and Syngenta clearly indicated their intention to pursue arbitration in the joint case management statement filed before the initial case management conference held on March 5, 2025. ECF No. 15. ASINC. filed the motion to compel arbitration eight days after the conference. *See* Mot. The Court subsequently granted Syngenta's unopposed request to join ASINC.'s motion. *See* Min. Entry, ECF No. 27. The Court finds that Defendants have not waived their right to arbitrate.

Because the Agreement is enforceable, the Court GRANTS Defendants' motion to compel arbitration.

### IV.  MOTION TO STAY

"Under 9 U.S.C. § 3, a district court must stay proceedings for claims and issues 'referable to arbitration' pending resolution of the arbitration." *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 832 (9th Cir. 2019). Plaintiff makes no argument that any of her eleven causes of action do not "arise

8

from" or "relate to" her employment or termination by ASINC. Plaintiff likewise does not address Defendants' motion to stay in the event the Court finds the Agreement enforceable. As such, the Court finds that Plaintiff's claims are "referable to arbitration" and hereby STAYS this case pending resolution of the arbitration.

**IT IS SO ORDERED.**

Dated: July 1, 2025

Eumi K. Lee
United States District Judge